**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| NATHANIEL JACKSON,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC. *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:24-CV-1399 |

**MEMORANDUM ORDER**

**J. Nicholas Ranjan, United States District Judge**

Plaintiff Nathaniel Jackson purchased a ladder on Amazon.com. The ladder was manufactured by Zhejiang Kangqian Industry & Trade Co. Ltd. and marketed and sold by Changxing International Trade (US) Co. Ltd d/b/a Superworthboutique. The ladder was marketed as heavy duty and having a 330-pound load capacity. On October 8, 2022, while Mr. Jackson used the ladder according to the marketed load capacity, the ladder collapsed. Mr. Jackson fell approximately sixteen feet, suffering various injuries.

On October 4, 2024, Mr. Jackson sued Amazon. On December 10, 2024, Mr. Jackson filed an Amended Complaint adding Changxing and Zhejiang as additional defendants. On March 17, 2025, Mr. Jackson filed his Second Amended Complaint, which is the operative complaint.

Amazon and Changxing ("Defendants")[1] now move for judgment on the pleadings on certain counts. ECF 44. After careful consideration, the Court will grant Defendants' motion in part and deny it in part.

[1] Zhejiang failed to appear, and the Clerk of Court entered default against it. ECF 40.

## DISCUSSION & ANALYSIS[2]

**I. Mr. Jackson's Pennsylvania Unfair Trade Practices & Consumer Protection Law claim (Count I) is limited to the cost of the ladder.**

Defendants argue that Mr. Jackson's UTPCPL claims fails because that statute doesn't allow recovery for personal-injury damages. Mr. Jackson doesn't really dispute this. Instead, he argues that he sufficiently pleads a pecuniary injury recoverable under the UTPCPL: the cost of the ladder. Mr. Jackson's right.

A plaintiff can recover "any ascertainable loss of money or property" under the UTPCPL. 73 Pa. Cons. Stat. § 201-9.2(a). Most of Mr. Jackson's alleged damages relate to his personal injuries and are not recoverable under this claim. *See Vey v. Amazon.com*, No. 2-23-CV-2055, 2024 WL 2396840, at *3 (W.D. Pa. May 23, 2024) (Stickman, J.) ("Personal injury claims are not permitted under the UTPCPL."). But Mr. Jackson does allege one recoverable pecuniary injury—the purchase price of the ladder. ECF 25, ¶ 36.

---

[2] "The standard for deciding a motion for judgment on the pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) is not materially different from the standard for deciding a motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Kaite v. Altoona Student Transp., Inc.*, 296 F. Supp. 3d 736, 739 (W.D. Pa. 2017) (Gibson, J.) (cleaned up). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Any reasonable inferences should be considered in the light most favorable to the plaintiff. *See Lula v. Network Appliance*, 255 F. App'x 610, 611 (3d Cir. 2007) (citing *Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989)).

The Court **GRANTS IN PART** Defendants' motion on Count I. Mr. Jackson's recovery of pecuniary damages under Count I is limited to the purchase price of the ladder.

## II. Mr. Jackson's Magnuson-Moss Warranty Act claim (Count II) is also limited to the cost of the ladder.

Like the UTPCPL, the MMWA "does not create a private, independent cause of action for personal injuries which are otherwise state law claims for breach of warranty." *Santarelli v. BP Am.*, 913 F. Supp. 324, 333 (M.D. Pa. 1996) (*citing Boelens v. Redman Homes, Inc.*, 748 F.2d 1058, 1068 (5th Cir. 1984)). Mr. Jackson's recovery under the MMWA is therefore also limited to exclude his personal-injury damages.[3]

The Court **GRANTS IN PART** Defendants' motion on Count II. Mr. Jackson's recovery of pecuniary damages under Count II is limited to the purchase price of the ladder.

## III. Mr. Jackson's strict liability claim (Count III) against Changxing is not clearly time-barred based on his allegations.

Changxing was added late to this case, and argues it was actually added too late. It contends that Count III is time-barred by Pennsylvania's two-year statute of limitations for personal-injury claims. 42 Pa. Cons. Stat. § 5524. A claim should be dismissed as time-barred on the pleadings "only if the time alleged in the statement

[3] Defendants rightfully note that Mr. Jackson does not plead that they were provided an opportunity to cure, as required by the MMWA. ECF 46, p. 6. But Mr. Jackson attaches some evidence of a notice to cure, so he could easily replead around this defect. Further, what qualifies as a reasonable opportunity to cure is a factual question that would require discovery. So the Court defers on ruling on the "cure" issue, and can take it up at summary judgment, if necessary.

of a claim shows that the cause of action has not been brought within the statute of limitations." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (quoting *Robinson v. Johnson*, 313 F.3d 128, 134–35 (3d Cir. 2002)) (internal quotations omitted).

Mr. Jackson sued Changxing in December 2024, more than two years from the date of the ladder accident, in October 2022. On its face, this seems to pose a statute-of-limitations problem. But, as Mr. Jackson points out, if there is relation back to the original complaint (filed within the statute of limitations in October 2024), then the claim is timely. The Court agrees with Mr. Jackson and finds that there is a possibility of relation back here.

When a plaintiff amends a complaint to add a party after the statute of limitations has run, an otherwise time-barred claim can "relate back" to the original complaint's filing date under Federal Rule of Civil Procedure 15(c)(1)(C). Rule 15(c)(1)(C) applies when (1) the claims against the new party arise out of the same occurrences set forth in the original complaint, (2) the new party received notice of the action within the Rule 4(m) service period, and (3) the new party knew or should have known that the action would have been brought against it but for a mistake in identity.

Here, Mr. Jackson's allegations do not foreclose Rule 15's application. While Changxing was not served until June 20, 2025, well after the Rule 4(m) service period, Rule 15 "does not require actual service of process on the party sought to be added." *Singletary v. P Dept. of Corrs.*, 266 F.3d 186, 195 (3d Cir. 2001). Rule 15 notice can occur "when a party who has some reason to expect his potential involvement as a

defendant hears of the commencement of litigation through some informal means." *Id.* Because Mr. Jackson doesn't allege a date when Changxing received notice, it's impossible to conclude that this claim is untimely on the pleadings alone. Discovery is needed to determine whether Rule 15 applies.

The Court **DENIES** Defendants' motion on Count III.

## IV. Mr. Jackson withdraws his negligent design claim against Amazon (Count IV).

Based on Mr. Jackson's agreement (ECF 54, p. 11), the Court **GRANTS** Defendants' motion on Count IV and enters judgment in favor of Amazon as to Count IV.

## V. Mr. Jackson's negligent undertaking claim against Amazon is sufficiently pled (Claim V).

Mr. Jackson brings a claim for negligent undertaking against Amazon. The gist of this claim is that Amazon assumed responsibility for the safety of the ladder and increased the risk of harm to Mr. Jackson. Amazon argues that this claim is deficient because there are no affirmative allegations of an increased risk of harm (*i.e.*, acts of commission). The Court finds an increased risk of harm can be established though acts of omission, and the complaint pleads as much. So, this claim survives.

Pennsylvania has adopted Sections 323 and 324A of the Second Restatement of Torts. *See generally Gradel v. Inouye*, 421 A.2d 674 (Pa. 1980); *Walters v. UPMC Presbyterian Shadyside*, 187 A.3d 214 (Pa. 2018). Under Sections 323 and 324A, a party who promises to undertake a specific responsibility that it should recognize as necessary to the safety of others can be held liable for negligently performing its

assumed responsibility. Restatement (Second) of Torts §§ 323, 324A. Section 323 covers the party's assumed duty to the promisee and Section 324A covers the party's assumed duty to a foreseeable third party. To state a claim under Section 323, a plaintiff must plead that (1) the assuming party's negligence increased the risk of harm or (2) that he relied on the assuming party's undertaking.[4] Amazon moves for judgment on the pleadings on the basis that Mr. Jackson insufficiently pled these elements.

Mr. Jackson has sufficiently pled that Amazon's failure to ensure the ladder's safety increased his risk of harm. Mr. Jackson alleges that Amazon assumed responsibility for the safety of products on its website.[5] ECF 25, ¶ 102. Having assumed that responsibility, Amazon then failed to take corrective action to recall the ladder, warn buyers about the ladder, or remove the ladder from its website, despite multiple consumer complaints about the ladder. ECF 25, ¶ 34. Any one of these omissions could be enough to plausibly conclude that Amazon increased Mr. Jackson's risk of harm. *See Hill v. Slippery Rock Univ.*, 138 A.3d 673, 680 (Pa. Super. Ct. 2016) ("In Pennsylvania, an increased risk of harm can occur through a failure to act."). For example, had Amazon recalled the ladder, then "Mr. [Jackson] may not have suffered

---

[4] Under Section 324A, a plaintiff may also plead that the assuming party has undertaken to perform a duty owed by another to the plaintiff. *Id.* § 324A(b).

[5] Amazon does not move for judgment on the grounds that Mr. Jackson insufficiently pled that Amazon assumed this responsibility. ECF 60, p. 6 n.2. So, the Court doesn't consider this issue here.

the event that caused his [injury]." *Id.* at 679. That is enough to meet Mr. Jackson's burden at the pleading stage.

The Court **DENIES** Defendants' motion on Count V.

***

For these reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion for judgment on the pleadings. Counts I and II are limited to damages associated with the cost of the ladder. Judgment is entered in favor of Amazon as to Count IV.

Dated: September 2, 2026

BY THE COURT:

*/s/ J. Nicholas Ranjan*
United States District Judge